IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HILDA L. SOLIS,

        Petitioner,

v.

                                            Case No. 2:12-CV-400
                                            JUDGE SARGUS
                                            MAGISTRATE JUDGE KEMP

DARPAN MANAGEMENT, INC., *et al.*,

        Respondents.

## OPINION AND ORDER

Petitioner Hilda L. Solis ["Solis"], Secretary of the United States Department of Labor, commenced this action on May 8, 2012 seeking to compel the Respondents, Darpan Management, Inc., Prakash Patel and Dan Shah [collectively "Respondents"], to comply with a subpoena *duces tecum* issued in connection with an investigation pursuant to the Fair Labor Standards Act ["FLSA"], 29 U.S.C. § 201, *et seq*.

On May 11, 2012, the Magistrate Judge issued an *Order* directing Respondents to show cause, in writing, as to why the petition should not be granted. *Order*, Doc. No. 2. Respondents filed their *Response* to the Court's *Order* on May 31, 2012. Doc. No. 4. Solis filed a *Reply* in support of the petition on June 11, 2012, Doc. No. 5, as well as a *Motion to Correct Reply*, on June 13, 2012. Doc. No. 6. The matter is now ripe for review.

I.

Pursuant to § 11(a) of the FLSA, the Acting Regional Administrator of the Department of Labor's Wage and Hour Division issued a subpoena *duces tecum* requiring Respondents Patel and Shah, as custodians of the records for Darpan Management, Inc., to appear, testify and produce records and documents concerning "the wages, hours, and other conditions and practices of employment" maintained by Respondents. *See Subpoena Duces Tecum*, attached as Exhibit A to Petitioner Solis' *Reply*, Doc. No. 5. Respondent Darpan Management, Inc. is an Ohio corporation with its place of business in Hilliard, Ohio. Respondents Patel and Shah also reside in Hilliard, Ohio. *Petition to Compel*, Doc. No. 1, at 3.

The subpoena identified the documents to be produced and directed Respondents to appear before the Assistant Director of the Wage and Hour Division on January 23, 2012, in Columbus, Ohio. *Id.* Respondents did not appear for testimony on this date but provided "a portion of the requested records" to Petitioner Solis. *See Petition to Compel*, Doc. No. 1, at 4.

In their *Response*, Doc. No. 4, to the Court's *Order*, Respondents state that they have "provided numerous documents" to Petitioner Solis and further indicate their desire to "fully cooperate with the Department of Labor in its investigation . . . ." *Response*, Doc. No. 4, at 1-2; *see also Affidavit of Prakash Patel*, attached to Doc. No. 4. Respondents ask that the Petitioner provide a list outlining the alleged deficiencies in production and allow Respondents an opportunity to cure such deficiencies. *Id.*, at 2.

In her *Reply*, Petitioner Solis states that a chart has been created to identify the categories of documents requested, the entities for which the documents are requested, and the outstanding documents to be produced. Although the chart was initially referred to as Exhibit A attached to

2

the *Reply*, Doc. No. 5, the chart was not in fact attached to this filing. Petitioner has filed a *Motion to Correct Reply*, Doc. No. 6, and has also attached the chart as Exhibit A to this later filing. Petitioner asks that the Court order production of the remaining documents identified in the chart in furtherance of the investigation.

## II.

A proceeding brought to enforce an administrative subpoena is summary in nature. *United States v. Will*, 671 F.2d 963 (6th Cir. 1982). As the United States Court of Appeals for the Sixth Circuit has explained, "an agency need only show that the investigation had a legitimate purpose, that its inquiry may be relevant to that purpose, that it did not already have the information and that it otherwise followed any statutory requirements." *United States v. Markwood*, 48 F.3d 969, 978 (6th Cir. 1995). The district court "must enforce a federal agency's investigative subpoena if the information sought is 'reasonably relevant' . . . and not 'unduly burdensome' to produce." *F.T.C. v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (C.A. D.C. 1992) (internal citations omitted).

In this case, § 9 of the FLSA, 29 U.S.C. § 209, and §§ 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49, 50, grant Petitioner Solis the authority to subpoena the attendance and testimony of witnesses as well as the production of documents with respect to an investigation under § 11(a) of the FLSA. Petitioner Solis' request for additional production of documents and testimony from Respondents is within the statutory authority cited and the Court finds that it is relevant to the investigation at issue. The Court is satisfied with Petitioner Solis' showing that additional information is necessary and the Court notes Respondents' willingness to

3

cooperate. For these reasons, the Court finds the request to enforce the administrative subpoena meritorious.

### III.

Accordingly, the *Petition to Compel*, **Doc. No. 1**, is **GRANTED**. The Petitioner's *Motion to Correct Reply*, **Doc. No. 6**, is also **GRANTED**. The Respondents are hereby **ORDERED** to produce, within **thirty (30) days**, the documents sought and identified by Petitioner Solis in Exhibit A to the *Motion to Correct Reply*, Doc. No. 6. The Respondents are further **ORDERED** to provide testimony at a date and time to be established at the Petitioner's discretion.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

\_\_6-21-2012\_\_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4